Chief Justice Robertson,
delivered the opinion of the court.
The Bank of Kentucky sued Seth Cook. and others in debt, on a replevin bond, dated April the 9¿/í, 1827, and reciting that it was taken on a fieri fadas which issued on the 18th of April, 1827, in favor of the said bank, against the said Cook and another, and had been levied on the property of Cook.
The case having-been submitted to the circuit judge, on a plea of “conditions performed,” with leave to prove' any matter which might have been specially *164 pleaded, a judgment was rendered in favor of the Bank* on the 23d of October, 1829, for $>249 87¿ cents'.
A replevinBond'is not valid, either as a common Riw or statutory bond, unless the ofiicer had, at the time of its delivery, a legal: authority to coerce the-amount by execution against the principal obligor..
Erroneous date to a replevin bond, does not rendor it void, as a common Iaw boml'
*164 The principal objection which has been made in this court, to the judgment, and the only one which we deem worthy of consideration, is, that the discrepancy in the dates of the execution and repte™ bond, renders the latter invalid, even as a common law obligation.
A replevin bond, taken by a sheriff, under color of authority, would not be valid, either as a common law or statutory bond, unless the officer had, at the time of its delivery, a legal authority to coerce the amount, by execution against the principal obligor.
A replevin bond, invalid as a statutory obligation, or judgment, for want of legal authority in the officer who took it', cannot he binding for any purpose, if taken, under pretence of coersive authority.
If, therefore, the bond, in this ease, was execuLed on the 9th of April,1827, and if the execution, in virtue of which it purports to have been taken^s also truly dated, April 18th, 1827, the- bond is not obligatory, because there can be no doubt, that the sheriff had no other authority than that conferred by the execution recited in the bond.
That execution is exhibited, and purports to he of the date recited in the bond. The return “levied and replevied” is endorsed on it.
As there was no other execution, nor any other replevin bond, we are not allowed to presume that the bond was taken before the execution issued. It is more reasonable to infer that there was a mistake in the date of the one or the other. The execution; the return upon it; the recital in the bond; and the fact that such a bond was given, are sufficient to show that the-bond was taken in virtue of the execution, and consequently, after it issued.
This is the presumption of law, as well as.the deduction of reason, from the facts of this case. The bond may, therefore, he valid, and certainly must be-, if there be no other objection to it, than the mistake in its date, or in that of the execution.
The mistake is, (we think,) in the date of the bond, and not in that of the execution. Such a mistake can *165 not render the bond void. As a common law bond, it may be valid; although, in consequence of the uncertainty of its date, there might have been some difficulty in issuing a fieri facias upon it.
Monroe and Sanders, for plaintiffs; Crittenden, for defendant.
Thc judgment, in this case, has not given interest farther back than from the return day of the execution, which was returned replevied. This cannot be an error prejudicial to the plaintiffs m error. For whatever may have been the actual date of the bond, the delivery must have preceded the return of the execution. As, therefore, the bond is not illegal or void, and as the judgment upon it cannot be excessive in amount, there is no sufficient ground for reversal.
Wherefore, the judgment is affirmed.